HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WMI LIQUIDATING TRUST, | CASE NO. C13-1706RAJ |
| Plaintiff, | ORDER |
| v. | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, et al., | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the court on a motion to transfer venue to the Bankruptcy Court for the District of Delaware, or to the United States District Court for Delaware pursuant to 28 U.S.C. § 1404(a) filed by defendants Todd Baker, Sean Becketti, Anthony Joseph Bozzuti, Alfred Brooks, Gregory Camas, Thomas Casey, Debora Horvath, Rajiv Kapoor, Mark Malone, John McMurray, Thomas Morgan, Stephen Rotella, David Schneider, Radha Thompson, Ann Tierney, and Robert Williams. Dkt. # 113.  Thirty-one defendants join in this motion.  Dkt. ## 125 (Browning), 131

ORDER- 1

(Berens, Zarro), 135 (Allison, Batt, Jones, McCarthy, Melby, Schulte, Shaw, Stearns), 140 (Murphy), 143 (Bjorklund, Cannon, David, Reynoldson, Sharma), 147 (Vuoto), 157 (Fukui, Sorenson), 166 (Eschenbach), 183 (Stevens), 184 (Duck), 185 (Darakhovskiy), 196 (Murphy), 262 (Stein), 264 (Kido), 266 (Bartels), 271 (Schrag), 272 (Mileur), 276 (Everett).  Plaintiff WMI Liquidating Trust ("WMILT") opposes transfer.

## II. BACKGROUND

WMILT is successor in interest to Washington Mutual, Inc. ("WMI"), a multiple savings and loan holding company that owned Washington Mutual Bank ("WMB") and WMI Investment Corp (collectively, "Debtors").  Dkt. # 23 at 2-3 (Am. Compl.).  In September 2008, the Office of Thrift Supervision ("OTS") downgraded then seized WMB and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver to take control of WMB's assets.  Dkt. # 211 (Logan Decl.) ¶¶ 24-25.  The FDIC Receiver sold substantially all of WMB's assets to JPMorgan Chase Bank, National Association ("JPMC").  *Id.* ¶ 26.  As a result, nearly all employees of WMI and WMB were transferred to JPMC and terminated from WMI and WMB.  *Id.* ¶ 27.

On September 26, 2008, Debtors filed voluntary petitions under Chapter 11 of Title 28, United States Code (the "Bankruptcy Code").  *Id.* ¶ 28; *In re Wash. Mut. Inc.*, Case No 08-12228 & 08-12229 (Bankr. D. Del.) (Walrath, J.), Bankr. Dkt. ("Bankr.") # 1.  The individual defendants here are many former employees of WMI and WMB who were terminated and transferred to JPMC and who have filed proofs of claim against Debtors' chapter 11 estate, seeking payment under various employment agreements and plans ("Claimants"). Dkt. # 211 (Logan Decl.) ¶ 29.

On December 12, 2011, the Debtors filed their Seventh Amended Joint Plain of Affiliated Debtors.  Dkt. # 23 (Am. Compl.) ¶ 115; Bankr. # 9178; *see also* Dkt. # 145-1 (Ex. 1 to Bjorklund et al. Req. for Jud. Not.).  On February 23, 2012, the Bankruptcy Court confirmed the Seventh Amended Plan, which became effective in March 2012, and

1  the administration of the Debtors' chapter 11 cases and the responsibility to reconcile and

2  litigate remaining disputed proofs of claim were transferred to WMILT.  Dkt. # 23 (Am.

3  Compl.) ¶ 115; Bankr. ## 9759, 9933.  On February 19, 2013, WMILT filed a motion for

4  leave to amend a number of omnibus objections to claims to assert, for the first time, that

5  WMILT is not liable for the defendants' claims because such claims seek payments that

6  constitute impermissible "golden parachute payments" pursuant to the Golden Parachute

7  Regulations and are not enforceable pursuant to the Automatic Termination Regulation.

8  Dkt. # 23 (Am. Compl.) ¶ 153; 12 C.F.R. § 359.2 (Golden Parachute Regulations); 12

9  C.F.R. § 163.39 (Automatic Termination Regulation).  Claimants objected arguing that

10  the Golden Parachute Regulations did not provide WMILT with standing to enforce the

11  federal statutory and regulatory law prohibiting such payments and that at the time of the

12  bank seizure, WMI ceased to be covered by the Golden Parachute Regulations, so

13  WMILT was not prohibited from making payments pursuant to the agreements and plans

14  at issue.  Dkt. # 23 (Am. Compl.) ¶ 154.

15       On August 23, 2013, the Bankruptcy Court denied WMILT's motion to amend

16  because (1) there had been undue delay by WMILT in seeking to amend the Omnibus

17  Objections, (2) the claimants, particularly those who have already settled their claims,

18  would be unduly prejudiced by the amendment, and (3) the amendment would be futile

19  because any decision on the legal issue would not be binding on the FDIC and the

20  Federal Reserve Board ("FRB") because they were not parties to the Omnibus

21  Objections.  Dkt. # 23-1 at 2 (Ex. A to Am. Compl.).  The Bankruptcy Court then ordered

22  WMILT to file a declaratory judgment action naming the FDIC, FRB and all claimants to

23  seek a determination as to whether WMILT is precluded by 12 U.S.C § 1828(k), 12

24  C.F.R. § 163.39, 12 C.F.R. § 359, or any similar provision from paying any of the

25  claimants if their claims are allowed by the Bankruptcy Court.  *Id.*  The Bankruptcy order

26  was purposefully silent as to venue.  *See* Dkt. # 212-3 at 4 (Ex. C to Singh Decl.)

27  (Bankruptcy Judge Walrath indicating that the order did not specify venue "on purpose").

1   WMILT filed the declaratory action in the Western District of Washington.  This

2   court previously presided over a case brought by former employees of WMB, including

3   eighteen individuals who filed claim forms in the Bankruptcy action and are named

4   defendants here, against FDIC.  *Williams v. FDIC*, Case No. C09-504RAJ.

5   ### III. ANALYSIS

6   The district court has discretion to adjudicate motions to transfer according to an

7   individualized case-by-case consideration of convenience and fairness under 28 U.S.C. §

8   1404(b).  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  Section

9   1404(a) requires that (1) the district to which defendant seeks to have the action

10  transferred is one in which the action might have been brought, and (2) the transfer be for

11  the convenience of the parties and witnesses and in the interest of justice.  28 U.S.C. §

12  1404(a).

13  With respect to the first 1404(a) requirement, WMILT does not dispute that this

14  action could have been brought in the Bankruptcy Court for the District of Delaware.

15  Accordingly, the court only considers the second requirement.

16  With respect to the second 1404(a) requirement, the court may consider eight

17  private and public interest factors:  (1) the location where the relevant agreements were

18  negotiated and executed; (2) the state that is most familiar with the governing law; (3) the

19  plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the

20  contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences

21  in the costs of litigation in the two forums; (7) the availability of compulsory process to

22  compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources

23  of proof.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).  The

24  court may also consider court congestion, pendency of related litigation in the transferee

25  forum and the public's interest in adjudicating the controversy in the chosen forum.  *See*

26  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

27

ORDER- 4

"Because these factors cannot be mechanically applied to all types of cases, they shall be considered here under the statutory requirements of convenience of witnesses, convenience of parties, and the interests of justice." *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005).

**A. Convenience of the Witnesses and Parties**

A plaintiff's choice of forum is entitled to greater deference when a plaintiff chooses its home forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). It is undisputed that WMILT and its predecessor organizations are located in Washington. However, the Debtors initially chose to file their chapter 11 petitions in the Bankruptcy Court for the District of Delaware, the likely more favorable forum, rather than the Western District of Washington, where they were located and the likely more convenient forum. Indeed, WMILT attempted to litigate the exact issues presented to this court in the Bankruptcy Court when it belatedly sought leave to amend its objections to include the golden parachute and automatic termination defenses. For this reason, the court finds that plaintiff's choice to file this declaratory action (that is related to the bankruptcy case originally filed in Delaware) in this District is not entitled to deference. Accordingly, this factor is neutral, at best.

Neither party has identified any non-party witnesses. *See Amazon.com*, 404 F. Supp. at 1260 (convenience of non-party witnesses is more important factor). Of the parties who have not been dismissed, twenty-eight reside in Washington state, eighteen reside in California, seven reside in Texas, three reside in New York, three reside in New Jersey, three reside in Pennsylvania, three reside in Washington D.C., two reside in the United Kingdom, two reside in Virginia, and one defendant resides in each of Florida, Wisconsin, Georgia, Maryland, Illinois, and South Carolina. Dkt. # 23 (Am. Compl.) ¶¶ 7, 9-101. However, all individual defendants have consented to being a party in the related Bankruptcy case in the District of Delaware, which indicates that the District of

Delaware is at least as convenient, if not, more convenient than Washington for at least the forty-seven non-Washington residents.  This factor weighs slightly in favor of transfer.

**B.  Interests of Justice**

The interest of justice factor is perhaps the most important.  *Amazon.com*, 404 F. Supp. 2d at 1261.  In considering the interest of justice, the court weighs such factors as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case.  *Id.*

The underlying agreements were negotiated and at least partially executed in Washington State.  Accordingly, Washington State has an interest in adjudicating the rights under these contracts, and this factor weighs against transfer.

While this court previously analyzed whether the underlying agreements are "employment contracts" under 12 C.F.R. § 563.39 in the *Williams* case, both courts are equally equipped to analyze and interpret the Golden Parachute and Automatic Termination regulations under 12 U.S.C. §1828(k) and 28 U.S.C. §§ 163.39 & 359 and the principles of res judicata or collateral estoppel.  Additionally, the fact that the related Bankruptcy proceeding is ongoing in the District of Delaware weighs slightly in favor of transfer.  On the other hand, to the extent that the Bankruptcy court could interpret the "employment contracts" provision in 12 C.F.R. § 163.39 differently from this court's analysis of section 563.39, transferring this case runs the risk of inconsistent rulings, which weighs against transfer.

The moving parties have not presented any evidence of increased or decreased costs if the court kept the case or transferred it, and courts have declined to consider increased costs to counsel.  *See In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) (location of counsel is irrelevant to transfer analysis); *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3rd Cir. 1973) ("convenience of counsel is not a factor to be considered"); *Wang v. LB Intern. Inc.*, Case No. C04-2475 JLR, 2005 WL 2090672,

1  *3 (W.D. Wash. Aug. 29, 2005) (declining to consider increased costs to counsel).

2  Accordingly, this factor is neutral.

3  Finally, district courts in the Ninth Circuit, as well as other circuits,  have

4  consistently held that transfer from a forum in which there are difficult questions of

5  personal jurisdiction or venue to a district in which there are no such uncertainties

6  conserve judicial resources and serve the interests of the parties and justice.  *See e.g.,*

7  *Berman v. Modell*, Case No. C13-565-TLN AC PS, 2013 WL 5703352, *5 n.3 (E.D. Cal.

8  Oct. 16, 2013); *Multistate Legal Studies, Inc. v. Marino*, Case No. C96-5118 ABC

9  RNBx, 1996 WL 786124, *10 (C.D. Cal. Nov. 4, 1996); *Cherry Commc'n, Inc. v.*

10  *Coastal Tel. Co.*, 906 F. Supp. 452, 455 n.4 (N.D. Ill. 1995).  This court agrees.

11  Here, defendants Murphy, Bjorklund, Cannon, David, Reynoldson, Sharma,

12  Vuoto, and Stevens have moved the court to dismiss the complaint for lack of personal

13  jurisdiction.  Dkt. ## 140, 143, 147, 167.  However, all individual defendants have

14  consented to jurisdiction in the Bankruptcy Court for the District of Delaware.  The court

15  finds that given the difficult questions of personal jurisdiction, transfer of this case to the

16  Bankruptcy Court for the District of Delaware, where there are not such uncertainties,

17  will conserve judicial resources and serve the interests of justice and the parties.  This

18  factor weighs heavily in favor of transfer.

19  **IV. CONCLUSION**

20  For all the foregoing reasons, the court finds that, on balance, the moving

21  defendants have met their burden of showing that the convenience of the parties, the

22  convenience of the witnesses, and the interests of justice favor transfer to the Bankruptcy

23  Court for the District of Delaware.  28 U.S.C. § 1404.  The Clerk is DIRECTED to

24  TERMINATE all pending motions and to TRANSFER this case to the Bankruptcy Court

25  for the District of Delaware as related to *In re Wash. Mut. Inc.*, Case No 08-12228 & 08-

26  12229 (Bankr. D. Del.) (Walrath, J.).

27

1    Dated this 3rd day of July, 2014.

2

3

4    The Honorable Richard A. Jones
     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER- 8